```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X         C/M
                                                           :
JEFFREY MATISTA,                                           :
                                                           :  **MEMORANDUM**
                                   Petitioner,             :  **DECISION AND ORDER**
                                                           :
                - against -                                :  13 Civ. 6991 (BMC)
                                                           :
SUPERINTENDENT MICHAEL CAPRA,                              :
                                                           :
                                   Respondent.             :
                                                           :
                                                           :
----------------------------------------------------------- X
```

**COGAN, District Judge.**

Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254 after pleading guilty, pursuant to a plea agreement, to first degree manslaughter, for which he received an agreed-upon sentence of 25 years. Petitioner's conviction and sentence arose from a drive-by shooting in which he acknowledged that while shooting at a rival, he instead shot and killed an 11 year-old girl. Following the incident, petitioner fled to the Dominican Republic. The New York Police Department contacted Immigration and Customs Enforcements agents prior to the flight's landing; petitioner was detained upon arrival and returned to New York. Once there, he gave oral, written, and videotaped confessions acknowledging his guilt.

Additional facts will be set forth below as relevant to each of petitioner's points of error. Those points are: (1) ineffective assistance of trial counsel; (2) involuntary plea; and (3) excessive sentence. None of them have merit and the petition is therefore denied.

**I. Excessive Sentence**

Petitioner, having waived his right to appeal his guilty plea, sought leave in the Appellate Division to file a late appeal for the sole purpose of challenging his sentence. The Appellate Division held that his appeal waiver was invalid and therefore heard the appeal, but further held that his sentence was not excessive. People v. Matista, 106 A.D.3d 1020, 965 N.Y.S.2d 356 (2d Dep't 2013), leave to appeal den., 21 N.Y.3d 1044, 972 N.Y.S.2d 541 (2013) (Table).

It is firmly established that "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992) (citation omitted). The Eighth Amendment forbids only extreme sentences which are "grossly disproportionate" to the crime of conviction. Lockyer v. Andrade, 538 U.S. 63, 72-73, 123 S. Ct. 1166, 1173 (2003); Harmelin v. Michigan, 501 U.S. 957, 995, 111 S. Ct. 2680, 2701 (1991). Although the sentence petitioner received was the maximum for first degree manslaughter, his plea agreement resulted in the dismissal of a second degree murder count and related weapons and endangerment charges, which could have resulted in a sentence as long as life in prison. Indeed, petitioner's challenge to the sentence on appeal was not that it exceeded any constitutional limitations; rather, he simply appealed to the Appellate Division's discretion under N.Y. C.P.L. §470.15(6)(b) based on his youth, remorse, and status as a first time offender. No federal issue was presented to the state court and none is presented here.

**II. Ineffective Assistance of Counsel and Involuntary Plea**

I address these two claims together because they are interwoven to the extent that petitioner is contending that his plea was involuntary because his counsel did not adequately advise him. Petitioner raised these claims in a §440.10 proceeding decided prior to the appeal that invalidated his appeal waiver. The §440 court therefore relied, in part, on the appeal waiver

in the plea agreement. It held, alternatively, that part of petitioner's claim was barred because it pertained to on-the-record attorney error which had to be raised on direct appeal. As another ground for its holding, the §440 court held that petitioner's claims were without merit: "Furthermore, the defendants [sic] allegations are supported solely by the defendants [sic] statement and is [sic] unsupported by any other credible evidence, and there is no reasonable possibility that the defendant's allegations are true." In the instant habeas corpus proceeding, respondent has agreed to waive any procedural bar relied upon by the §440 court and has consented to this Court's review of the §440 court's merits determination.

     In considering petitioner's claims, the §440 court was presented with a highly detailed affidavit from petitioner's trial counsel which specifically refuted the allegations in petitioner's motion. For example, petitioner's motion asserted that his lawyer told him that if he did not plead guilty, he would receive 50 years in prison, and that his attorney would withdraw and petitioner would be represented by an "incompetent" attorney. In response, his attorney averred that he had informed petitioner "many times" of the sentence that could be imposed if petitioner was convicted of both second degree murder and second degree weapons possession counts, and denied telling petitioner that he could get 50 years. Instead, his attorney averred that what he had told petitioner, as he was obligated to do, was that if petitioner was convicted, his exposure was twenty-five years to life on the murder charge, five years on the weapons charge, and that the sentencing court might determine to run those charges consecutively. The attorney emphatically denied ever telling petitioner that he would seek to be relieved if petitioner did not plead guilty, or that petitioner would be then represented by an incompetent attorney, and further averred that he had advised petitioner and his family (who had retained him) that he was fully prepared to proceed to trial if that was what they wanted to do. In addition, the attorney averred that

3

although petitioner is fluent in English, the attorney insisted on having a Spanish interpreter present at Rikers' Island to make sure that when the attorney explained petitioner's sentencing exposure and the rights he would be waiving by pleading guilty, petitioner understood. Counsel concluded:

> There is no question that I advised the defendant of my opinion of the case, particularly about the facts of the case and that the People's evidence included the defendant's oral, written, and videotaped confessions. Because of that evidence I believed it was in his best interest to plead guilty and I so informed the defendant and his family. However, I left to the defendant the ultimate decision of whether or not to plead guilty. I also recommended that, because of his youth, the defendant should discuss pleading guilty with his family members before advising me how he wished to proceed. I know that, in fact, Mr. Matista did discuss the decision to plead guilty with members of his family prior to deciding to plead guilty.

Since the §440 court rejected petitioner's claim on the merits, my review of that decision attracts the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). That statute provides for habeas corpus relief only if the state court's adjudication of the claim was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. The decision of a state court is "contrary" to clearly established federal law within the meaning of § 2254(d)(1) if it is "diametrically different" from, "opposite in character or nature" to, or "mutually opposed" to the relevant Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000) (internal quotation marks omitted). Moreover, a state court decision involves "an unreasonable application" of clearly established Federal law if the state court applies federal law to the facts of the case "in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432, 1439 (2005).

The Supreme Court has clarified that the AEDPA standard of review is extremely narrow, and is intended only as "a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal[.]" Ryan v. Gonzales, ––– U.S. ––––, 133 S. Ct. 696, 708 (2013) (quoting Harrington v. Richter, ––– U.S. ––––, 131 S. Ct. 770, 786 (2011)). State court decisions must "be given the benefit of the doubt," Felkner v. Jackson, ––– U.S. ––––, 131 S. Ct. 1305, 1307 (2011) (quoting Renico v. Lett, 559 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010)), and "even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." Harrington, 131 S. Ct. at 786. Indeed, in Harrington, the Supreme Court went so far as to hold that a habeas court may only "issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Id. This standard of "no possibility" of disagreement among "fairminded jurists" as to the existence of legal error is arguably the narrowest standard of judicial review in the law. Moreover, the Supreme Court has expressed a lack of patience with lower courts that view its pronouncements as permitting a substantial measure of flexibility in applying this standard. See Parker v. Matthews, ––– U.S. ––––, 132 S. Ct. 2148 (2012).[1]

As is often the case in habeas corpus review, petitioner's burden is doubly difficult. A petitioner claiming ineffective assistance of counsel must prove two things. First, petitioner must prove that counsel's representation "fell below an objective standard of reasonableness"

---

[1] Harrington and Cavazos v. Smith, ––– U.S. ––––, 132 S. Ct. 2 (2011), may have abrogated the oft-quoted language in Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000), that while "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise habeas relief would be limited to state court decisions 'so far off the mark as to suggest judicial incompetence.'" The Harrington/Cavazos standard may not quite require "judicial incompetence," id., but by precluding relief except where the error is "beyond any possibility for fairminded disagreement," Harrington, 131 S. Ct. at 787, it certainly comes close. The Second Circuit has noted that these Supreme Court decisions have narrowed the standard of habeas review that the Circuit previously applied. See Rivera v. Cuomo, 664 F.3d 20, 21-22 (2d Cir. 2011) (reversing its earlier decision granting habeas relief upon consideration of Cavazos).

5

according to "prevailing professional norms."  Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984).  Second, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694, 104 S. Ct. at 2068.  See also Hill v. Lockhart, 474 U.S. 52, 58–59, 106 S. Ct. 366, 370 (1985).  In other words, petitioner "must show that the deficient performance prejudiced the defense."  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  See also Missouri v. Frye, ––– U.S. ––––, 132 S. Ct. 1399, 1409 (2012) (noting that "where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial, the defendant will have to show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty") (internal quotation marks and citation omitted).  Because this Court only considers whether the state court's determination was unreasonable, and because there is a strong presumption that counsel's assistance was effective, the standard of judicial review applicable to ineffective assistance of counsel claims under § 2254(d) is "doubly deferential."  Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411, 1420 (2009).

Petitioner cannot make this difficult showing.  The §440 court was entitled to rely on his attorney's affirmation that conclusively refuted his claim.  Indeed, that affirmation was consistent with the attorney's remarks on the record at the time of the plea, in which he specifically advised the court that he had discussed the matter thoroughly with petitioner and his family, including telephoning petitioner's mother in the Dominican Republic.  The §440 court did not unreasonably apply Strickland in concluding that petitioner had failed to show that his attorney coerced or misled him into accepting the plea agreement.  And for the same reason, the §440 court's rejection of petitioner's claim that his guilty plea was "involuntary" was not an

6

unreasonable application of Strickland, since the claim of involuntariness was wholly derivative of the alleged misadvice of counsel.

Petitioner's remaining ineffective assistance claims similarly do not meet the standard for habeas corpus relief. He claims that his several confessions were coerced by the police and should have been suppressed, but his attorney in fact filed a motion to suppress those confessions. Petitioner's problem is that the claim became – and remains – moot when petitioner decided to plead guilty; the hearing on the motion to suppress never went forward. His attorney's affidavit made it clear that he was prepared to proceed with challenging the confessions and going to trial had petitioner not opted to plead guilty instead. Since, as noted above, the state court ruled that his plea was voluntary because his attorney properly advised him, and that decision must be upheld on federal habeas corpus, petitioner suffered no prejudice from the confessions because they were never used against him.

Petitioner's next claim is that his arrest was illegal because he was arrested in the Dominican Republic by Dominican authorities and transferred to the New York police without appropriate process. Given his voluntary and advised decision to plead guilty, the §440 court did not commit constitutional error in rejecting this claim.

Finally, petitioner complains that his attorney should have obtained the minimum sentence for first degree manslaughter for him instead of the maximum. He offered no evidence to the §440 court as to why a prosecutor would have accepted a five year sentence for the shooting death of an 11 year-old girl where petitioner acknowledged deliberately firing the gun that killed her. The §440 court's rejection of this claim was not contrary to Strickland.

7

## CONCLUSION

The petition is denied and the case is dismissed. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444, 82 S. Ct. 917, 920 (1962).

**SO ORDERED.**

                                                        U.S.D.J.

Dated: Brooklyn, New York
       April 14, 2014